05/11/2011  16:13   870-933-5177                    HS HEALTH INFO                          PAGE  05

RLC/k
"51"1

# IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
## WESTERN DISTRICT
## CIVIL DIVISION

11 JAN 13 PM 4:37

CLERK OF CIRCUIT COURT

| | | |
|---|---|---|
| *VALETA STRATTON, INDIVIDUALLY,* <br> *AND CHARLES J. GARDNER, AS SPECIAL* <br> *ADMINISTRATOR OF THE ESTATE OF* <br> *HENRY BISHOP STRATTON, JR.,* <br> *DECEASED* | | **PLAINTIFFS** |
| VS. | NO. CV-2011-__0033__ (JP) | |
| *HEALTHSOUTH CORPORATION, D/B/A* <br> *HEALTHSOUTH REHABILITATION* <br> *HOSPITAL OF JONESBORO; JESSICA* <br> *MONTGOMERY, R.N., AND, JOHN DOES 1-3* | | **DEFENDANTS** |

## COMPLAINT

Come now the Plaintiffs, Valeta Stratton, individually, and Charles J. Gardner, as Special Administrator of the Estate of Henry Bishop Stratton, Jr., by and through their Attorneys, Reid, Burge, Prevallet & Coleman, and for their Complaint, state:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Valeta Stratton, was a resident and citizen of the Chickasawba District of Mississippi County, Arkansas, at the time of the events, which are the subject matter of this action but is currently residing in the Golden Living Center in Branson, Missouri. At the time of the incident, which is the subject matter of this action, Valeta Stratton was married to Henry Bishop Stratton, Jr., who was also a resident and citizen of the Chickasawba District of Mississippi County, Arkansas, at the time of the events in question. Henry Bishop Stratton, Jr., died on July 10, 2010, while residing in Branson, Missouri.

2. The Plaintiff, Charles J. Gardner, is a licensed attorney who was appointed by the Court to serve as Special Administrator of the Estate of Henry Bishop Stratton, Jr., Plaintiff's deceased husband.


EXHIBIT A

05/11/2011  16:13  870-933-5177                    HS HEALTH INFO                              PAGE  06

-2-

3. The Defendant, HealthSouth Corporation, is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, which is believed to have its principal place of business in Birmingham, Alabama. Its registered agent for service of process within the State of Arkansas is the Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

4. The Defendant, Jessica Montgomery, R.N., was at all times relevant to this action a registered nurse who was employed by HealthSouth Corporation at its facility known as HealthSouth Rehabilitation Hospital of Jonesboro located at 1201 Fleming Avenue, Jonesboro, Arkansas 72401. At all times pertinent to this action the Defendant, Jessica Montgomery, R.N., was acting within the scope and in the course of her employment as an employee of HealthSouth Corporation. Accordingly, any negligence on the part of the Defendant, Montgomery, is imputed to HealthSouth under the doctrine of *respondeat superior*.

5. The Defendants identified in this lawsuit as John Does 1-3 are persons whose actual identity are unknown to the Plaintiffs at this time. Those John Doe Defendants are believed to have been employed by the Defendant, HealthSouth, and were acting within the course and in the scope of their employment therewith. As such, HealthSouth is vicariously liable for any fault of the Defendants identified herein as John Does 1-3 under the doctrine of *respondeat superior*.

6. This Court has jurisdiction over the parties and subject matter herein and venue is proper because the acts and omissions complained of herein occurred in the Western District of Craighead County, Arkansas. See, Ark. Const., Amend. 80, § 6, A.C.A. § 16-13-201 (a), and A.C.A. § 16-55-213 (e).

## FACTS

7. In January, 2009, Plaintiff, Valeta Stratton, who was residing with her husband, Henry Bishop Stratton, Jr. (now deceased), in Blytheville, Arkansas, was referred by her personal physician, Dr. Shalender Mittal, for rehabilitative services at HealthSouth Rehabilitation Hospital of Jonesboro, a facility owned and operated by the Defendant, HealthSouth Corporation.

8. Plaintiff, Valeta Stratton, was admitted to HealthSouth Rehabilitation Hospital of Jonesboro on January 13, 2009, and was a patient there until she was discharged on or about January 18, 2009, and transferred to NEA Baptist Hospital in Jonesboro as a result of a massive overdose of the drug, Lantus. The hospital records reflect that the Lantus overdose was administered by the Defendant, Jessica Montgomery, R.N., an employee of HealthSouth who was charged with the care and treatment of Valeta Stratton, including the responsibility of the proper administration of medication as ordered by her physician.

9. More specifically, the medical records maintained by HealthSouth show that at the time of Valeta Stratton's admission, her personal physician, Dr. Mittal, provided a list of medications for Ms. Stratton, which included an order that she be injected with 12 units of the insulin drug sold under the brand name "Lantus" each day in the evening. The physician orders on file in her medical records show that for each day she was in the HealthSouth facility the nurses providing care for her were ordered to administer 12 units of Lantus daily at 8:00 P.M. A copy of the medical list provided by Dr. Mittal is attached to this Complaint as Exhibit "1," and a copy of the sheet showing the order for 12 units of Lantus at bedtime on January 17, 2009, is attached to this Complaint as Exhibit "2."

10. Although the order, which was signed and initialed by the Defendant, Jessica Montgomery, R.N., states that Valeta Stratton was to receive a 12 unit dose of Lantus at bedtime on January 17, 2009, Valeta Stratton was actually administered an overdose of Lantus by Jessica

Montgomery, R.N., inasmuch as Jessica Montgomery, R.N., administered 100 units of Lantus instead of the 12 units of Lantus set forth in the doctor's orders, as shown by the Patient Progress/Plan of Care Followup Sheet for January 17, 2009, which is attached to this Complaint as Exhibit "3."

11.  As a result of being administered the overdose of Lantus by the Defendant, Montgomery, Plaintiff was ultimately transferred from HealthSouth Rehabilitation Hospital to the emergency room at NEA Baptist Hospital in Jonesboro for evaluation and treatment of the drug overdose and the life threatening complications resulting from that overdose.

12.  Following the incident, representatives of HealthSouth Rehabilitation Hospital of Jonesboro admitted that an overdose had been administered and that HealthSouth was "conducting an extensive investigation to insure we improve our process so this won't happen again." A copy of the handwritten apology letter from Donna Harris, Chief Executive Officer of HealthSouth Rehabilitation Hospital of Jonesboro, is attached to this Complaint as Exhibit "4."

13.  Although the hospital records furnished to Plaintiffs' attorneys indicate that the Defendant, Jessica Montgomery, R.N., was the person who administered the overdose of Lantus on January 17, 2009, there may be another person or other persons whose identities are unknown to Plaintiffs who actually administered the overdose or were involved in the overdose. Those persons, all of whom are believed to be employed by the Defendant, HealthSouth, are named herein as party Defendants under the pseudo-names of John Doe 1, John Doe 2, and John Doe 3.

## CAUSES OF ACTION

14.  The Defendant, Jessica Montgomery, R.N., was guilty of medical negligence which was a proximate cause of Valeta Stratton's injury and Plaintiff's resulting damages, in that she failed to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of her profession in good standing engaged in the profession of a registered nurse

05/11/2011  16:13   870-933-5177                HS HEALTH INFO                           PAGE  09

-5-

in Jonesboro, Arkansas, where she practices, or in a similar locality. More specifically, the Defendant, Jessica Montgomery, was guilty of fault in the following particulars:

    (a)    She violated the standard of care, in that she failed to exercise ordinary care to properly read and follow the doctor's orders, which directed that Plaintiff, Valeta Stratton, be administered a 12 unit dose of Lantus and, instead, administered an overdose of Lantus consisting of 100 units of Lantus.

15.    As set forth above, any fault on the part of the Defendant, Jessica Montgomery, R.N., is chargeable to her employer, HealthSouth, under the doctrine of *respondeat superior*.

16.    The Defendant, HealthSouth, is named as a party Defendant herein because it was the owner and operator of HealthSouth Rehabilitation Hospital of Jonesboro, the hospital where Plaintiff was a patient for rehabilitation services. As such, it had a duty of ordinary care to determine the physical and mental condition of its patient, including the Plaintiff, Valeta Stratton; it had a duty to furnish its patients, including the Plaintiff, Valeta Stratton, with the care and attention reasonably required by her in connection with the rehabilitation services; and, had a duty to follow the orders and directions of the patients' attending physicians. HealthSouth violated those duties.

17.    At all times pertinent to this action, the medication (Lantus) was within the exclusive control of the Defendant, HealthSouth, and its employees; that in the normal course of events, a patient in a hospital should not receive an overdose of Lantus if the hospital exercises ordinary care to prevent overdoses; and, HealthSouth in its control of the medication, including Lantus which was administered to the Plaintiff, Valeta Stratton, owed a duty to Valeta Stratton to use ordinary care to prevent a drug overdose.

Page 9/17, RCVD 5/11/2011 4:18:51 PM [Central Daylight Time]

-6-

## FEDERAL MEDICAL CARE RECOVERY ACT
## 42 U.S.C. §§ 26-51-2653

18. As a result of said injuries, the Plaintiff, Valeta Stratton, has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The Plaintiff, Valeta Stratton, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. §§ 26-51-2653, and with its express consent, asserts a claim for the reasonable value of said past and future care and treatment.

### INJURIES AND DAMAGES

19. As a direct and proximate result of the acts of fault of the Defendants as stated above, Plaintiff received an overdose of the drug Lantus, causing her medical injuries and resulting damages, as more particularly set forth below.

20. As a proximate result of Plaintiff's injuries and damages resulting from those injuries, Plaintiff, Valeta Stratton, is entitled to recover compensatory damages from the Defendants in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases to compensate her for the following elements of damage:

    (a) The nature, extent, duration, and permanency of her injuries;

    (b) Past and future medical expenses;

    (c) Past and future pain, suffering, and mental anguish;

    (d) All other elements of damage allowed by law which the jury may find to be fair and just.

### LOSS OF CONSORTIUM

21. At all times pertinent to this action, Plaintiff, Valeta Stratton, was married to Henry Bishop Stratton, Jr., now deceased. As a proximate result of the acts of fault of the Defendants which

caused injuries to Valeta Stratton, her husband, Henry Bishop Stratton, Jr., now deceased, sustained damages during his lifetime for loss of consortium for the loss of the services, society, companionship, and marriage relationship of Valeta Stratton from the time of the injury until the time of the death of Henry Bishop Stratton, Jr., on July 10, 2010. Accordingly, Charles J. Gardner, as Special Administrator of the Estate of Henry Bishop Stratton, Jr., is entitled to recover damages from the Defendant in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases for those damages sustained by Henry Bishop Stratton, Jr., prior to his death on July 10, 2010.

## DEMAND FOR JURY TRIAL

22.  Plaintiffs respectfully demand trial by jury in this case.

WHEREFORE, Plaintiffs pray that they be granted judgment against the Defendants in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases, which the jury may find to be fair and just to compensate them for all injuries, losses, and damages, including all special damages sustained as a result of the wrongful acts of the Defendants as set forth above; that they be awarded interest at the maximum rate allowed by law; and, that they be granted all other proper relief.

REID, BURGE, PREVALLET & COLEMAN
417 North Broadway, P. O. Box 107
Blytheville, Arkansas 72316-0107
Telephone:  (870) 763-4586
Fax:        (870) 763-4642
E-mail:     rbpc@sbcglobal.net

By: _____
Robert L. Coleman, No. 80031
ATTORNEYS FOR PLAINTIFFS